### 46316. GREATER SOUTHERN DISTRIBUTING COMPANY v. USRY.

WHITMAN, Judge. The appeal in this case arises from a trover action instituted by the plaintiff-appellant to recover five coin-operated machines (three "Rockola" phonographs, one "Gottlieb Spin Wheel," and one "Fisher Pool Table.") The defendant answered admitting possession but claimed title in himself. Thereafter the defendant moved for summary judgment based upon the pleadings, plaintiff's interrogatories and defendant's sworn answers, and an accompanying affidavit executed by the defend-

ant's attorney. Copies of certain documents, averred as having been produced and exchanged between the parties, were attached as exhibits to the affidavit.

The lower court granted the defendant's motion for summary judgment. The grant of the motion was appealed and enumerated as error. *Held:*

1. The motion to dismiss the appeal is denied.

2. We reverse. The genuineness or lack of verification of certain of the documents attached to the attorney's affidavit and whether they are of any evidentiary value has been questioned. But pretermitting that question, it appears from this material that the plaintiff sold many such machines, including all but one of those in question, at varying points in time to third persons via conditional sale contracts, and filed financing statements as provided by the Uniform Commercial Code to perfect its security interests. The defendant contends that it purchased the machines (swapped for one of them) from one Troy Parris, who in some cases, but not all, had acquired them from the plaintiff. With regard to at least one of the machines it appears that the defendant's contended purchase would have occurred at a point in time *after* plaintiff had filed its financing statement covering it. But even as to this item and others, defendant takes the position that its seller, Parris, was a "merchant" or dealer as defined by the U.C.C. (*Code Ann.* § 109A-2—104 (1)), to whom plaintiff had "entrusted" possession and had thereby given Parris power to transfer all the entruster's rights to any "buyer in ordinary course of business" (*Code Ann.* § 109A-2—403 (3)); and that defendant bought in such capacity (*Code Ann.* § 109A-1—201 (9)) and as such took the items free of any security interest, whether perfected or not (*Code Ann.* § 109A-9—307 (1)).

With regard to the one machine above mentioned, resolution of the question of title in defendant's favor would require, among other things, a finding that Parris was a "merchant." Defendant has assumed or concluded as much but has not demonstrated it with the adequacy required of one to prevail on summary judgment. The same can be said as to defendant's contention that he was a buyer in ordinary course of business.

The burden is on the movant to establish a right to the judgment sought.

The grant of a general summary judgment for the defendant was not authorized and is reversed.

*Judgment reversed. Hall, P. J., and Eberhardt, J., concur.*

SUBMITTED JUNE 4, 1971—DECIDED OCTOBER 5, 1971.

*Nicholson & Fleming, Bobby G. Beazley,* for appellant.
*Thurmond & McElmurray, C. B. Thurmond, Jr.,* for appellee.